NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIA DEL CARMEN MIRANDA, : CIVIL ACTION NO. 17-559 (JLL)
    Plaintiff, : **OPINION**
v. :
OCWEN LOAN SERVICING, LLC, :
    Defendant. :

**LINARES, Chief District Judge**

The plaintiff, Maria Del Carmen Miranda, brings this action to recover damages based upon the failure of the defendant, Ocwen Loan Servicing, LLC (hereinafter, "Ocwen"), to approve her application to permanently modify her mortgage payments. (See ECF No. 1.)[1] Miranda asserts claims against Ocwen in her complaint for violations of the Fair Debt Collection Practices Act (hereinafter, "the FDCPA"), for violations of the Home Affordable Modification Program as set forth in 12 U.S.C. § 5201 (hereinafter, "the HAMP"), and for breach of contract. (See ECF No. 1.)

Ocwen now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6). (See ECF No. 6 through ECF No. 6-8; ECF No. 8; ECF No. 8-1.) Miranda opposes the motion in part. (See ECF No. 7.)

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes the familiarity of the parties with the factual context and procedural history of the action. For the following reasons, the Court will: (1) grant the motion insofar as it addresses the HAMP claim and the breach of contract claim; and (2) administratively terminate the motion insofar as it addresses the FDCPA claim.

## BACKGROUND

Miranda is divorced from her husband (hereinafter, "the Husband"), but she remains involved in ongoing matrimonial and appellate litigation in the New Jersey state courts with him. (See ECF No. 7 at 6, 10.) As part of that ongoing state litigation, Miranda is solely responsible for the payments on the existing mortgage (hereinafter, "the Original Mortgage") for the former marital home (hereinafter, "the Home") in which she currently resides. (See ECF No. 7 at 6.) However, as Miranda admits, the Husband is still a title co-owner of the Home, and thus he still possesses an ownership interest in the Home. (See ECF No. 1 at 3.)

Miranda sought to lower the payments on the Original Mortgage by applying for a loan modification under the HAMP with Ocwen, which is the servicing agent for the Original Mortgage, in an effort to keep the Home and to avoid either a sale or a foreclosure. In turn, Ocwen provided a trial modification plan under the HAMP in a document addressed to Miranda and the Husband. (See ECF No. 6-7 at 2.) The terms of the trial modification made clear that a permanent modification might then be granted if

"each borrower and co-borrower" made certain representations. (See ECF No. 6-7 at 5.) Ocwen also advised Miranda that the trial modification did not constitute a permanent modification of the mortgage payments, and that her mortgage would not be permanently modified unless she met "all of the conditions required for modification." (ECF No. 6-7 at 7.)

Miranda made the required payments during the trial modification period, and as a result Ocwen provided an application for a permanent modification of the mortgage. (See ECF No. 6-8.) That application was again addressed to Miranda and the Husband (see ECF No. 6-8 at 2), and it anticipated the Husband's signature along with Miranda's signature. (See ECF No. 6-8 at 12.) The application also set forth the following relevant conditions:

> That all persons who signed the Loan Documents [for the Original Mortgage] or their authorized representative(s) have signed this Agreement [for a permanent modification], unless . . . (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree which was recorded, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents [for the Original Mortgage]); or (iii) [Ocwen] has waived this requirement in writing.

(ECF No. 6-8 at 9.)

The Husband was indeed the co-borrower on the Original Mortgage. (See ECF No. 6-5 at 2–16; ECF No. 6-6 at 2–5.) As previously noted, the Husband still has an interest in the Home, and thus the Home has not been transferred to one spouse, *i.e.*,

3

Miranda. In addition, the Husband refused to sign the application for a permanent modification. Furthermore, Ocwen has not waived any of the requirements that are set forth in that application for a permanent modification. As a result, the application for a permanent modification, which Miranda signed alone, was denied. (See ECF No. 6-1 at 6.) Miranda then brought this action.

## LEGAL STANDARD

It is not necessary for the Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Palakovic v. Wetzel, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining Iqbal and Twombly).

## DISCUSSION

### I. The FDCPA Claim

In response to the part of Ocwen's motion that seeks dismissal of the FDCPA claim, Miranda "is voluntarily dismissing her FDCPA claim." (See ECF No. 7 at 10.) Therefore, the FDCPA claim is dismissed as withdrawn, and the part of Ocwen's motion that addresses that claim is administratively terminated without prejudice.

### II. The HAMP Claim

Ocwen argues that a borrower plaintiff such as Miranda does not have a private

right of action for violations of the HAMP. In response, Miranda argues that she is being harmed by Ocwen's refusal to approve the application for a permanent modification, and that she should be permitted to bring a claim under the HAMP.

Ocwen's argument is correct. The Third Circuit Court of Appeals has explicitly held "that the HAMP does not provide a private right of action." Sinclair v. Citi Mortg., Inc., 519 Fed.Appx. 737, 739 (3d Cir. 2013) (affirming the district court's dismissal of a HAMP claim brought by borrowers); accord Rost v. Avelo Mortg., LLC, No. 15-3254, 2015 WL 6737026, at *4 (D.N.J. Nov. 3, 2015) (dismissing a borrower's HAMP claim, and citing the holding in Sinclair); Sheldrick v. Wells Fargo Bank, N.A., No. 15-5332, 2015 WL 5098180, at *4 n.4 (D.N.J. Aug. 31, 2015) (noting that the HAMP does not provide a private right of action to a borrower); Slimm v. Bank of Am. Corp., No. 12-5846, 2013 WL 1867035, at *10 (D.N.J. May 2, 2013) (dismissing the borrowers' HAMP claims that were brought against a lender and a servicing agent, and relying on the holding in Sinclair); Stolba v. Wells Fargo & Co., No. 10-6014, 2011 WL 3444078, at *3 (D.N.J. Aug. 8, 2011) (recognizing that borrowers do not have a private right of action under the HAMP); see also Fried v. JP Morgan Chase & Co., 850 F.3d 590, 598 (3d Cir. 2017) (mentioning that the HAMP does not create a private right of action for borrowers against loan servicers). [2]

---

[2] Ocwen relies upon Wigod v. Wells Fargo Bank, N.A., No. 10-2348, 2011 WL 250501 (N.D. Ill. Jan. 25, 2011), in its main brief in support of its argument for dismissal of the HAMP claim. (See ECF No. 6-1 at 17.) That district court opinion has since been affirmed in part and reversed in part. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547 (7th Cir. 2012). However, the Court notes that Ocwen cites the subsequent Court of Appeals opinion in its reply brief. (See ECF No. 8 at 5.)

Thus, the part of Ocwen's motion that seeks dismissal of the HAMP claim is granted, because Miranda may not maintain such a claim.

**III.  The Breach Of Contract Claim**

Ocwen argues that Miranda was not entitled to the permanent modification, because Miranda failed to meet its conditions, *i.e.*, the co-borrower Husband still had an interest in the Home, and he did not sign the application or otherwise agree to the terms. In addition, Ocwen did not waive any of the underlying requirements for a permanent modification. In opposition, Miranda argues that: (1) she relied upon the terms of the trial modification; (2) her circumstances did not change in any material way during the trial modification period that would permit Ocwen to deny a permanent modification; and (3) she satisfied the requirements for a permanent modification because she is solely responsible for the mortgage payments, and she is making the payments under the terms of the trial modification. Thus, Miranda argues that Ocwen is now in breach of the terms of the permanent loan modification. (See ECF No. 7 at 8–10.)

In order to state a breach of contract claim, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed [her] own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007).

Ocwen's argument is correct, and Miranda's argument is not persuasive. The application in issue explicitly set forth the terms for an approval of a permanent

modification. Miranda simply did not meet those terms, and she has not demonstrated how Ocwen arguably breached those terms. See Stolba, 2011 WL 3444078, at *3 (dismissing a borrower's breach of contract claim involving a loan modification application under the HAMP, because a permanent modification was not guaranteed even if the plaintiff made timely payments during the trial period); Rost, 2015 WL 6737026, at *4 (dismissing a borrower's breach of contract claim involving a loan modification application under the HAMP, and rejecting the borrowers' argument that they were entitled to contractual protection under a third-party beneficiary theory).

Even though Miranda is responsible for the mortgage payments, the fact remains that the Husband still has an interest in the Home. Perhaps Miranda can seek relief concerning the Husband's refusal to sign such an application for a permanent modification in the state court, but this Court lacks the authority to grant that form of relief.

Therefore, the part of Ocwen's motion that seeks dismissal of the breach of contract claim is granted.

## CONCLUSION

For the aforementioned reasons, the Court grants Ocwen's motion to dismiss in part, and administratively terminates the motion in part. Furthermore, the entire complaint is dismissed. The Court will enter an appropriate order and judgment.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: June  16 , 2017